# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                           |   |                                    |
|---------------------------|---|------------------------------------|
| UNITED STATES OF AMERICA, | ) |                                    |
|                           | ) |                                    |
| v.                        | ) | Criminal Case No. 93-354 (EGS)     |
|                           | ) |                                    |
| RAYFIELD WILSON,          | ) |                                    |
|                           | ) |                                    |
| Defendant.                | ) |                                    |

**MEMORANDUM OPINION**

Pending before the Court is defendant Rayfield Wilson's *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 ("2255 motion" or "motion"). In 1994, Mr. Wilson was sentenced in the Superior Court of the District of Columbia ("Superior Court") for second-degree murder, voluntary manslaughter, and two other related charges. In 1995, he pled guilty to a federal drug conspiracy charge, and the federal district court ordered his federal sentence to run consecutive to any other sentence being served. Mr. Wilson did not appeal his federal conviction and sentence. More than twenty years after his federal judgment of conviction became final, Mr. Wilson now requests that his federal sentence be ordered to run concurrently with his Superior Court sentence.

After careful consideration of Mr. Wilson's motion, the government's response, Mr. Wilson's reply thereto, the entire

record herein, and the applicable law, the Court **DENIES** Mr. Wilson's motion.

## I. Background

In August 1992, Mr. Wilson was charged in the Superior Court with two counts of first-degree murder while armed, in violation of D.C. Code §§ 22-2401, -3202; one count of assault with intent to kill while armed, in violation of D.C. Code §§ 22-501, -3202; one count of possession of a firearm during a crime of violence, in violation of D.C. Code § 22-3204(b); and one count of carrying a pistol without a license, in violation of D.C. Code § 22-3204(a). *See United States v. Wilson*, No. 1992 FEL 012920 (D.C. Super. Ct.); *see also Wilson v. United States*, 691 A.2d 1157, 1158 (D.C. 1997) (per curiam).

On August 26, 1993, a jury found Mr. Wilson guilty of second-degree murder while armed, voluntary manslaughter while armed, possession of a firearm during a crime of violence, and carrying a pistol without a license. *See Wilson*, 691 A.2d at 1158; *see generally* docket for Superior Court No. 1992 FEL 012920. At trial, three eyewitnesses testified that they saw Mr. Wilson kill two brothers, Anthony and Willie Ellis ("Ellis brothers"). *Wilson*, 691 A.2d at 1160. On February 4, 1994, Judge Curtis E. von Kann of the Superior Court sentenced Mr. Wilson to consecutive terms of fifteen years to life of imprisonment for second-degree murder and thirteen years to life

for voluntary manslaughter; and concurrent terms of forty to 120 months for carrying a pistol without a license and five to fifteen years for possession of a firearm during a crime of violence. *Id.* at 1158 n.2; *see generally* docket for Superior Court No. 1992 FEL 012920. Mr. Wilson filed a timely appeal in that case, and the District of Columbia Court of Appeals affirmed his convictions on April 3, 1997. *Wilson*, 691 A.2d at 1158.

On September 30, 1993, while awaiting sentencing in the Superior Court case, Mr. Wilson was indicted on two federal drug conspiracy charges in the United States District Court for the District of Columbia. *See* Indictment, ECF No. 1 at 1-2.[1] It was alleged that Mr. Wilson engaged in the conspiracy on or about April 9, 1992. *See id.; see also* Superseding Information, ECF No. 12 at 1. On February 27, 1995, Mr. Wilson pled guilty to one count of conspiracy to distribute cocaine base, in violation of 18 U.S.C. § 371. *See* Plea Agreement, ECF No. 14 at 1. The charge carried a "penalty of not more than five years and a fine of not more than $10,000, or both, and a special assessment of $50[.]" *Id.*

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

3

On June 28, 1995, Judge Thomas Penfield Jackson[2] sentenced Mr. Wilson to sixty months of incarceration, to run consecutive to any other sentence being served, followed by three years of supervised release and a special assessment of $50. *See* June 28, 1995 Docket Entry. The judgment of conviction was entered on June 29, 1995. *See* Judgment and Commitment, ECF No. 18. Mr. Wilson did not appeal his federal conviction and sentence to the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). *See generally* docket for Crim. Action No. 93-354.

On November 20, 2017, Mr. Wilson filed the instant Section 2255 motion and his Motion for Leave to File and Memorandum of Facts and Law in Support of His Petition Pursuant to 28 U.S.C. § 2255 ("Def.'s Memo. of Law & Facts"). *See* Def.'s Mot. to Vacate, ECF No. 20 at 12; *see also* Def.'s Memo. of Law & Facts, ECF No. 19 at 19.[3] At the time he filed his motion, Mr. Wilson

---

[2] This case was randomly reassigned to Judge Emmet G. Sullivan due to Judge Jackson's retirement in 2004.

[3] The Court treats Mr. Wilson's *pro se* motion as if it was filed on November 20, 2017, which was the date he signed it. *See United States v. Peterson*, 916 F. Supp. 2d 102, 104 (D.D.C. 2013) ("[A]bsent evidence to the contrary, the Court will assume that [the petitioner] delivered his motion to prison authorities on the date he signed it."). On November 27, 2017, the Clerk's Office received his motion and memorandum. The Court granted him leave to file both documents on December 11, 2017, and the Clerk's Office filed them on the Court's electronic docket on the same date.

4

was a federal prisoner at the United States Penitentiary McCreary, which is located in Pine Knot, Kentucky and operated by the Federal Bureau of Prisons ("BOP"). *See* Def.'s Mot. to Vacate, ECF No. 20 at 1 ("Place of Confinement: USP McCreary"); *see also* Def.'s Memo. of Law & Facts, ECF No. 19 at 19.

On March 2, 2018, the Court ordered the government to respond to Mr. Wilson's motion, and the government filed its opposition on April 19, 2018. *See* Gov't's Opp'n, ECF No. 23. On April 25, 2018, Mr. Wilson filed a *pro se* motion for an extension of time to respond to the government's opposition and his *pro se* reply. *See* Def.'s Mot. for Extension of Time, ECF No. 24 at 1-2 (Mr. Wilson signed this motion on April 25, 2018); *see also* Def.'s Reply, ECF No. 24-1 (styled "Response to the United States Motion in Opposition"). On May 30, 2018, the Court granted Mr. Wilson leave to file a supplemental response by no later than August 1, 2018 and informed him that if he did not file a supplemental response, the Court would treat his response at ECF No. 24-1 as his only response to the government's opposition. He did not file a supplemental response. *See generally* docket for Crim. Action No. 93-354. Mr. Wilson's motion is now ripe and ready for the Court's adjudication.

## II. Analysis

Under 28 U.S.C. § 2255, a "prisoner in custody under sentence of a court" may "move the court which imposed the sentence to vacate, set aside, or correct the sentence" if the prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Mr. Wilson argues that his due process rights were violated when the federal district court "erroneously" ordered his federal sentence to run consecutive to his Superior Court sentence. *See* Def.'s Mot. to Vacate, ECF No. 20 at 4. He urges this Court to follow the Supreme Court's ruling in *Setser v. United States*, 566 U.S. 231 (2012) and Amendments 776 and 787 to the United States Sentencing Guidelines, promulgated after *Setser*, to correct his federal consecutive sentence and impose a concurrent sentence. *See* Def.'s Memo. of Law & Facts, ECF No. 19 at 6-7. Mr. Wilson acknowledges a federal sentencing judge's authority to decide whether a federal sentence runs consecutively to or concurrently with other sentences that have already been imposed in state proceedings. *See id.* at 8-10 (citing 18 U.S.C. § 3584(a); *Setser*, 566 U.S. at 236). Nevertheless, Mr. Wilson argues that his "distinct crimes" in

the federal and Superior Court cases were "relevant conduct to each other" under the United States Sentencing Guidelines; thus, he argues that his federal sentence should run concurrently with his Superior Court sentence. *See id.* at 3, 19.

As an initial matter, the government argues that Mr. Wilson's motion is time-barred because he filed it outside of the one-year grace period that Congress imposed on Section 2255 motions with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Gov't's Opp'n, ECF No. 23 at 3-4 (citing *Mayle v. Felix*, 545 U.S. 644, 654 (2005)). The government contends that Amendments 776 and 787, incorporated into U.S.S.G. § 5G1.3, generally provide that a criminal defendant "subject to an undischarged term of imprisonment or an anticipated state term of imprisonment shall be sentenced to concurrent terms of imprisonment if the two offenses involve 'relevant conduct.'" *Id*. at 6 n.3. According to the government, these amendments do not apply to Mr. Wilson's federal conviction because both amendments do not apply retroactively. *Id.* The government further maintains that Mr. Wilson's federal and Superior Court offenses were not related or "relevant conduct" under the Sentencing Guidelines. *See id.* at 6-7. The government points out that Mr. Wilson sold cocaine to a confidential informant and undercover police officer on April 9, 1992 in the federal drug conspiracy case,

and that he was convicted of killing the Ellis brothers on December 12, 1992 in the Superior Court case, conduct which was not included in his federal drug conspiracy case. *See id.* at 7.

The government also argues that Mr. Wilson's additional arguments lack merit for two main reasons. First, his challenge to the federal sentence is not cognizable under Section 2255 because*, inter alia*, his federal sentence did not exceed the statutory maximum penalty under 18 U.S.C. § 371. *See id.* at 4-5. Second, the Supreme Court in *Setser* recognized that federal courts "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." *Id.* at 6 (quoting *Setser*, 566 U.S. at 236). The government points out that the relevant language in 18 U.S.C. § 3584 provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively[.]" *Id.* at 5 (quoting 18 U.S.C. § 3584(a)).

Before the Court can reach the merits of Mr. Wilson's motion, the Court must first determine whether he is a "prisoner in custody under sentence of a court" within the meaning of Section 2255. Next, the Court must consider whether Mr. Wilson's motion is timed-barred.

## A. Mr. Wilson Is "In Custody" for Purposes of 28 U.S.C. § 2255

Mr. Wilson argues that his motion is timely because he has not yet begun serving his federal sentence; thus, he is "not in custody." *See* Def.'s Mot. to Vacate, ECF No. 20 at 10. The government does not dispute that Mr. Wilson is not currently serving his federal sentence, but the government argues that this fact is "immaterial" because his motion is untimely. *See* Gov't's Opp'n, ECF No. 23 at 4. The government points out that Mr. Wilson will begin serving his federal sentence after completing his Superior Court sentence. *See id.* at 2. The government notes that the BOP lodged a detainer against him on August 1, 2001 based upon his federal conviction, and that the United States Parole Commission lodged a second detainer against him on August 29, 2001 for an alleged violation of parole. *See id.* at 2, 2 n.1.

"A prisoner is in custody for the purposes of § 2255 when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him." *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004). The Rules Governing Section 2255 Proceedings cover Section 2255 motions filed in a federal district court by "a person in custody under a judgment of a state court" and "subject to future custody under a judgment of the district court, who seeks a determination that .

. . future custody under a judgment of the district court would violate the Constitution or laws of the United States[.]" Rule 1(b)(1), 28 U.S.C. following § 2255.

It is undisputed that Mr. Wilson is a federal prisoner currently serving his Superior Court sentence and challenging his impending federal sentence as a violation of his due process rights. *See* Def.'s Mot. to Vacate, ECF No. 20 at 1 (listing the "USP McCreary" as his "Place of Confinement"), 4 (arguing his "sentence [is] in violation of due process of law"); *see also* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited January 23, 2019) (showing that "Rayfield Wilson" is located at "McCreary USP"). Because he is incarcerated in a federal prison and the federal district court has sentenced him, the Court finds that Mr. Wilson is "in custody" within the meaning of Section 2255. *See Ospina*, 386 F.3d at 752.

### B. Mr. Wilson's Motion Is Time-Barred Since He Filed It After the Filing Deadline of April 24, 1997

The Court next considers if Mr. Wilson's motion is time-barred. Mr. Wilson acknowledges that the AEDPA "implemented time restrictions on the filing of § 2255 motions[.]" *See* Def.'s Reply, ECF No. 24-1 at 4. Relying on D.C. Circuit precedent, the government argues that Mr. Wilson had until April 24, 1997 to file his motion because his conviction became final in 1995. *See*

10

Gov't's Opp'n., ECF No. 23 at 4 (citing *United States v. Cicero*, 214 F.3d 199, 202 (D.C. Cir. 2000)). The government argues that Mr. Wilson's motion is "too late" because he waited until 2017 to file it. *Id.*

Prior to 1996, "a prisoner could challenge his conviction or sentence as a violation of the Constitution of the United States by filing a motion under 28 U.S.C. § 2255 at almost any time." *Cicero*, 214 F.3d at 200. "Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) amended § 2255 to impose a 1-year period of limitation on motions brought under [Section 2255]." *United States v. Saro*, 252 F.3d 449, 451 (D.C. Cir. 2001) (internal quotation marks omitted). "[P]risoners . . . whose convictions became final before [the] AEDPA's effective date, had a one-year grace period from that date in which to file a § 2255 motion-yielding a filing deadline of April 24, 1997." *Id.* (citing *Cicero*, 214 F.3d at 202).

The operative date from which the limitation period is measured will be the latest of the following four enumerated circumstances:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

11

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

18 U.S.C. § 2255(f). Generally, "the operative date . . . will be the one identified in [Section 2255(f)(1)]: the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (citations and internal quotation marks omitted). "But later filings are permitted where subparagraphs (2)-(4) apply." *Id.*

None of the circumstances identified in subparagraphs (2) through (4) apply to Mr. Wilson's situation. Liberally construing his *pro se* motion, Mr. Wilson's reliance on the Supreme Court's decision in *Setser*, which was decided on March 28, 2012, does not allow his motion to fall under Section 2255(f)(3). *See generally* Def.'s Memo. of Law & Facts, ECF No. 19; Def.'s Reply, ECF No. 24-1. In *Setser*, the Supreme Court addressed the issue of whether a federal district judge or the BOP should decide if the defendant's federal sentence should run consecutively to or concurrently with his anticipated state sentences. 566 U.S. at 234-35. The Supreme Court held that a federal district court retained discretion to order that a

federal sentence run consecutively or concurrently "where a federal judge anticipates a state sentence that has not yet been imposed." *Id.* at 236. The present case is significantly different from *Setser* because the federal district court sentenced Mr. Wilson in 1995 *after* Judge von Kann imposed his sentence in 1994 for second-degree murder, voluntary manslaughter, and two other related charges. *See* Judgment and Commitment, ECF No. 18.

Furthermore, Mr. Wilson's motion does not fall under Section 2255(f)(3). The Supreme Court in *Setser* did not announce a new substantive rule that applies retroactively to cases on collateral review. *See Smith v. United States*, No. CIV. AW-13-796, 2013 WL 4605406, at *3-4 (D. Md. Aug. 28, 2013) (rejecting petitioner's argument that *Setser* established a new substantive rule that applies retroactively within the guidelines of § 2255(f)(3)); *cf. United States v. Hopkins*, No. 1:06-CR-0064, 2013 WL 2147793, at *5 (M.D. Pa. May 16, 2013) (concluding that *Setser* did not "constitute an intervening change in the law necessitating reconsideration of [petitioner's] sentence[.]"), *aff'd*, 568 F. App'x 143 (3d Cir. 2014). Thus, Mr. Wilson's motion must fall under Section 2255(f)(1)—the date on which the judgment of conviction became final. *See* 18 U.S.C. § 2255(f)(1).

Mr. Wilson's federal conviction became final on July 10, 1995 because he did not file a notice of appeal within ten days

13

after the entry of the judgment on June 29, 1995.[4] *See United States v. Ingram*, 908 F. Supp. 2d 1, 4 (D.D.C. 2012) ("Where, as here, a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." (citations and internal quotation marks omitted)).

A defendant, like Mr. Wilson, whose conviction became final before the enactment of the AEDPA had until April 24, 1997 to file the Section 2255 motion within the one-year grace period. *See, e.g.*, *Saro*, 252 F.3d at 451; *Cicero*, 214 F.3d at 202. Mr. Wilson filed his motion on November 20, 2017, more than twenty years after the filing deadline. Accordingly, the Court finds that Mr. Wilson's motion is time-barred because it was filed outside of the one-year grace period.

### C. The Equitable Tolling Doctrine and the Actual Innocence Exception Do Not Apply to Mr. Wilson's Motion

Mr. Wilson does not dispute that his motion was filed after the one-year grace period expired on April 24, 1997, but he argues that the Court should consider his motion because his federal consecutive sentence constitutes a "miscarriage of

---

[4] Under the then-applicable version of the Federal Rules of Appellate Procedure, a criminal defendant had to file a notice of appeal in the district court within ten days after the entry of the judgment. *See* Fed. R. App. P. 4(b), 26(a) (1995).

14

justice." *See* Def.'s Reply, ECF No. 24-1 at 4. He argues that the miscarriage of justice exception applies here because his federal consecutive sentence "for all intents and purposes constitutes double jeopardy[.]" *Id.* at 5. The government did not address this exception in its opposition.

A court may consider an untimely Section 2255 motion if the defendant establishes: (1) grounds for equitable tolling, or (2) a credible showing of actual innocence. *E.g.*, *United States v. Tabi*, 264 F. Supp. 3d 15, 16 (D.D.C. 2017); *Peterson*, 916 F. Supp. 2d at 106. Here, Mr. Wilson does not allege any facts that would support the application of the equitable tolling doctrine in this case. *See generally* Def.'s Memo. of Law & Facts, ECF No. 19; Def.'s Mot. to Vacate, ECF No. 20; Def.'s Reply, ECF No. 24-1. Equitable tolling requires a defendant to establish: (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way." *United States v. McDade*, 699 F.3d 499, 504 (D.C. Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Here, Mr. Wilson does not allege any facts to establish that he has been diligently pursuing his rights since his federal conviction in 1995, and he fails to point to any extraordinary circumstances which would allow the Court to equitably toll the filing deadline of April 24, 1997. *See generally* Def.'s Memo. of Law &

Facts, ECF No. 19; Def.'s Mot. to Vacate, ECF No. 20; Def.'s Reply, ECF No. 24-1.

Mr. Wilson relies on *McQuiggin v. Perkins*, 569 U.S. 383 (2013) to support his argument that his claims are not time-barred. *See id.* at 4-5. In *McQuiggin*, the Supreme Court instructed that "[t]he miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." 569 U.S. at 394-95 (citation and internal quotation marks omitted). The Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Id.* at 386.

Here, Mr. Wilson fails to point to any newly-discovered evidence or facts to overcome the statute of limitations. He does not even assert his actual innocence of the federal crime to which he pled guilty. *See generally* Def.'s Memo. of Law & Facts, ECF No. 19; Def.'s Mot. to Vacate, ECF No. 20; Def.'s Reply, ECF No. 24-1. Because he fails to allege any facts to support the application of the equitable tolling doctrine or that the actual innocence exception is warranted, the Court is not persuaded that Mr. Wilson's untimely motion should be considered.

Having found that he filed the motion more than twenty years after the one-year grace period expired on April 24, 1997, the Court concludes that Mr. Wilson is procedurally barred from relief under Section 2255. The Court cannot reach the merits of Mr. Wilson's motion because it is time-barred. *See, e.g.*, *Tabi*, 264 F. Supp. 3d at 17 (concluding that "[t]he Court need not reach the merits" of petitioner's claim because his motion was untimely); *United States v. Thompson*, 587 F. Supp. 2d 121, 124 n.3 (D.D.C. 2008) ("Since petitioner's motion is time-barred, the Court need not reach the merits of his claims.").

The Court need not hold an evidentiary hearing before denying his motion on procedural grounds. *See, e.g.*, *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996) ("A judge need not conduct an evidentiary hearing before denying a petition for relief under § 2255 when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255(b)); *United States v. Allen*, 241 F. Supp. 3d 101, 106 (D.D.C. 2017) (denying petitioner's request for an evidentiary hearing because his untimely motion was denied on procedural grounds).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Mr. Wilson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court therefore directs the Clerk of Court

to **CLOSE** civil case number 17-cv-2671. An appropriate Order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
               **United States District Judge**
               **February 7, 2019**